UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAJUAN KEY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 15-CV-2151 |
| ) | |
| CORRECTIONAL OFFICER ) | |
| MOST, et. al., ) | |
|     Defendants. ) | |

**MERIT REVIEW OPINION**

Sue E. Myerscough, U.S. District Judge.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

**ALLEGATIONS**

Plaintiff claims seven Defendants violated his constitutional rights at the Jerome Combs Detention Center. On December 28,

2014, Correctional Officers Most, Meehan, Abramovich, Roberts, and Denault came to Plaintiff's cell after an officer reported Plaintiff swallowed an overdose of medication. The officers stated they were going to place the Plaintiff on suicide watch. Plaintiff complied with the order to step to the back of his cell and remove all of his clothing. Plaintiff was then ordered to turn, face the wall, bend over, and spread his buttocks. Plaintiff instead squatted and coughed. Defendant Most then repeated the order to bend over and spread his buttocks. The Plaintiff refused stating, "so what, you're going to tase me for not being over I'll squat and cough." (Comp., p. 3).

    The Plaintiff then proceeded to squat and Officer Most used his taser. Plaintiff fell onto the floor and rolled onto his stomach, but Officer Most continued to use the taser for "approximately 25 seconds."(Comp, p. 4). Officer Most then continued to tase the Plaintiff a second and third time even though Plaintiff was not moving or resisting the officer. Plaintiff says none of the other officers intervened to stop Officer Most. In addition, Plaintiff says he was in severe pain, but the officers left without providing him medical or mental health care.

Plaintiff says Defendant Kankakee County Sheriff Timothy Bukowski and Chief of Corrections Chad Kolitwenzew are responsible for the policy which allows officers to "use a taser on nonviolent or nonaggressive inmates for simply not following orders fast enough."(Comp, p. 5).[1]

## ANALYSIS

The Plaintiff first alleges Defendant Most used excessive force against him when he deployed his taser against the Plaintiff. The Fourteenth Amendment right to due process affords pretrial detainees at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment. *See Smith v Knox County Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012); *Miller v Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011); *Forrest v Prine*, 620 F.3d 739, 740 (7th Cir. 2010). When jailers are accused of using excessive force, the core inquiry is "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v McMillian*, 503 U.S. 1, 7 (1992); *see also Santiago v Walls*,

---

[1] Plaintiff's complaint also mentions Mental Healthcare Worker Aimee Orr, but she is not listed as a Defendant, nor has the Plaintiff stated a clear claim against Orr.

599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination including "the need for force, the amount of force used, the threat reasonably perceived by the officer, efforts made to temper the severity of the force, and the extent of the injury caused by the force." *Forrest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); see also *Fillmore v Page*, 358 F.3d 496, 504 (7th Cir. 2004).

Plaintiff admits the taser was first used after he refused two direct orders. *See Soto v Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)( "[i]nmates cannot be permitted to decide which orders they will obey, and when they will obey them.") However, the Plaintiff also alleges Defendant Most continued to use the taser two more times even though Plaintiff was lying on the ground. Therefore, the Plaintiff has alleged Defendant Most used excessive force against him when the officer continued to use the taser after Plaintiff was on the ground. Defendants Meehan, Abramovich, Roberts and Denault also failed to intervene to stop the use of excessive force.

The Plaintiff further alleges all of the Correctional Officers were deliberately indifferent to his serious medical condition when they failed to provide mental health or medical care for his alleged overdose and severe pain.

Finally, Plaintiff alleges Defendants Bukowski and Kolitwenzew were responsible for the unconstitutional policy allowing Officer Most to use his taser when Plaintiff failed to follow his orders. First, "a Section 1983 plaintiff asserting an unconstitutional policy or custom generally must allege something more than his or her own isolated experience." *Johnson v. Joh*nnie, 2011 WL 2020686, at *3 (S.D.Ill. May 24, 2011); *see also Zubek v. City of Chicago,* 2006 WL 1843396, at *5 (N.D.Ill. July 5, 2006) ("A plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy; alleging one specific incident will not suffice. Likewise, a plaintiff's own isolated experiences are insufficient to establish custom."); *Watson v. Village of Glenview,* 2000 WL 283977, at *3 (N.D.Ill. Mar.10, 2000) (conclusory allegations of a municipal custom coupled with specific allegations of plaintiff's isolated experience fail to state a claim).

Second, Plaintiff admits the taser was not used until after he refused two direct orders. The Seventh Circuit has previously stressed "[i]nmates cannot be permitted to decide which orders they will obey, and when they will obey them." *Lewis v. Downey,* 581 F3d 467, 476 (7th Cir.2009). When an inmate repeatedly refuses to

follow an order, there are limited options available to correctional officers and "some means must be used to compel compliance, such as a chemical agent or physical force." *Soto,* 744 F.2d at 1270. Based on the allegations in the complaint, the Plaintiff has failed to state a constitutional violation based on a policy at the Jerome Combs Detention Center and, therefore, the court will dismiss Defendants Bukowski and Kolitwenzew.

**IT IS THEREFORE ORDERED:**

1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff alleges: a) Correctional Officer Most used excessive force against the Plaintiff on December 28, 2014; b) Correctional Officers Meehan, Abramovich, Roberts, and Denault failed to intervene to stop the use of force; and c) all of the correctional officers were deliberately indifferent to the Plaintiff's serious medical condition. This case proceeds solely on the claims identified in this paragraph.  The claims are stated against the Defendants in their individual capacities only.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

    6)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or

responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    7)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    8)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    9)    If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13) **The Clerk is directed to dismiss Defendants Bukowski and Kolitwenzew for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A**.

ENTERED:  October 7, 2015

FOR THE COURT:         s/ Sue E. Myerscough
                       _____
                       SUE E. MYERSCOUGH
                       UNITED STATES DISTRICT JUDGE