**E-FILED**
Friday, 18 December, 2015 02:14:18 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| DaJUAN KEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-2151 |
| | ) | |
| v. | ) | Judge Sue E. Myerscough |
| | ) | Magistrate Judge Tom Schanzle-Haskins |
| MOST, et al., | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |

**DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND AND APPOINTMENT OF COUNSEL**

NOW COME Defendants, C/O JEREMY MOST, C/O MATTHEW MEEHAN, C/O ADAM AHRAMOVICH, C/O MATTHEW ROBERTS, and C/O PERRY DENAULT, by and through their attorneys, MICHAEL W. CONDON and YORDANA J. SAWYER of HERVAS, CONDON & BERSANI, P.C., and for their Answer and Affirmative Defenses to Plaintiff's Complaint state as follows:

**JURISDICTION**

1. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. § 1331(a) and 1343.

**ANSWER:** **Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint.**

**PARTIES**

2. The plaintiff, DaJuan key, was incarcerated at Jerome Combs Detention Center ("J.C.D.C.") during the event's [sic] describe[d] in this complaint.

**<u>ANSWER:</u>** **Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.**

3. Defendants, CO. Most, CO. Meehan, CO. Ahramovich, CO. Roberts, and CO. Denault are correctional officers employed at ("J.C.D.C."). They are sued in their individual capaccites [sic].

**<u>ANSWER:</u>** **Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.**

4. Defendant Timothy Bukowski is the Sheriff employed at J.C.D.C. He is sued in his individual and official capacity.

**<u>ANSWER:</u>** **Defendants make no response to the allegations contained in paragraph 4 of Plaintiff's Complaint because Timothy Bukowski has been dismissed as a defendant by the Court in its Merit Review Opinion of October 7, 2015.**

5. Defendant Chad Kolitwenzew is the Chief of Correction[s] employed at J.C.D.C. He is sued in his individual and official capacity.

**<u>ANSWER:</u>** **Defendants make no response to the allegations contained in paragraph 5 of Plaintiff's Complaint because Chad Kolitwenzew has been dismissed as a defendant by the Court in its Merit Review Opinion of October 7, 2015.**

6. All the Defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

**<u>ANSWER:</u>** **Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.**

## FACTS

7. On December 28, 2014, the plaintiff was on administrative confinement at J.C.D.C. Mac C unit cell #1.

**ANSWER:** **Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.**

8. Approximately 8:00 p.m.[,] several officers approached the plaintiff['s] cell, who were identified as CO. Most, C.O Meehan, CO. Ahramovich, CO. Roberts and CO. Denault.

**ANSWER:** **Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.**

9. At that time[,] they told the Plaintiff that the officer reported he swallowed some medication trying to overdose so they were placing him on suicide watch. See Ex. A.

**ANSWER:** **Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.**

10. The Plaintiff was then told to step in the back of his cell and to remove all of his clothing, which he did.

**ANSWER:** **Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.**

11. The plaintiff was then told to turn around and face the wall with his back to the officers.

**ANSWER:** **Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint.**

12. CO. Most then stated to the plaintiff, “Bend over and spread your ass cheeks.” The plaintiff then squatted and couch[ed].

__ANSWER:__ **Defendants admit only that C/O Most told Plaintiff to bend over and spread his ass cheeks. Defendants deny the remaining allegations contained in paragraph 12 of Plaintiff’s Complaint.**

13. CO. Most then stated to the plaintiff, “I said bend over and spread it now.” Plaintiff then stated to the officer, “I’m not bending over like that man, so what you’re going to take me for not bending over I’ll squat and cough.”

__ANSWER:__ **Defendants admit only that C/O Most ordered Plaintiff to bend over at the waist, spread his cheeks and cough, but Plaintiff refused C/O Most’s orders. Defendants deny the remaining allegations contained in paragraph 13 of Plaintiff’s Complaint.**

14. The plaintiff squatted and cough[ed] again. CO. Most then deployed the [Teaser into the plaintiff[’s] spine. See Ex. A.

__ANSWER:__ **Defendants admit only that C/O Most shot Plaintiff with the Taser after Plaintiff refused multiple orders. Defendants deny the remaining allegations contained in paragraph 14 of Plaintiff’s Complaint.**

15. Then plaintiff the[n] fell backwards to the floor. Once on the floor[,] the plaintiff was rolled over to his stomach as the officer continued to Tase him for approximately 25 seconds. See Ex. A.

__ANSWER:__ **Defendants admit only that Plaintiff fell backwards after he was shot with the Taser and that he was guided to the floor by a correctional officer. Defendants further admit that Plaintiff was rolled over to his stomach once he was on the floor. Defendants deny the remaining allegations contained in paragraph 15 of Plaintiff’s Complaint.**

16. The plaintiff was tased a second time for approximately 20 second[s] as he laid face down on the floor not moving or resisting he was not acting aggressive towards any of the officer. See Ex. A.

**ANSWER:** **Defendants admit only that C/O Most tased Plaintiff a second time after Plaintiff failed to comply with multiple orders. Defendants deny the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.**

17. The plaintiff was tased again for 20 to 30 seconds after CO. Most took his boots and spreaded [sic] the plaintiff's buttocks because the plaintiff would not cough. See Ex. A[.]

**ANSWER:** **Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.**

18. CO. Most then snatched the probes out of the plaintiff[’s] back. Then all the officers exited the plaintiff's cell.

**ANSWER:** **Defendants admit only that C/O Most removed the probes from Plaintiff's back. Defendants deny the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.**

19. At no time did CO. Meehan, CO. Ahramovich, CO. Roberts, and CO. Denault, stop CO. Most from punishing the nonviolent or nonaggressive plaintiff failing to protect the plaintiff. See Ex. A[.]

**ANSWER:** **Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.**

20. The plaintiff was not given any medical or mental health treatment or care. The plaintiff was in severe pain and none of his medical slip[s] was [sic] answer[ed]. See Ex. C[.]

**<u>ANSWER:</u>** **Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.**

21. J.C.D.C. policy is that all Tasers are equipped with video recording any time a Taser is used it automatically begin[s] recording the use of the Taser.

**<u>ANSWER:</u>** **Defendants admit the allegations contained in paragraph 21 of Plaintiff's Complaint.**

22. Defendants Timothy Bukowski and Chad Kolitwenzew have implemented [sic] a policy allowing officers to use Taser on nonviolent or nonaggressive inmates for simply not following orders fast enough.

**<u>ANSWER:</u>** **Defendants make no response to the allegations contained in paragraph 22 of Plaintiff's Complaint because Timothy Bukowski and Chad Kolitwenzew have been dismissed as defendants by the Court in its Merit Review Opinion of October 7, 2015.**

22. [sic] Mental Health Worker Aimee Orr told one of the officer[s] she would not provide mental health care for the plaintiff at [sic] less [sic] he wrote a request to her while he was on suicide watch. See Exhibit #E[.]

**<u>ANSWER:</u>** **Defendants state that they have insufficient knowledge as to the truth or falsity of the allegations contained in paragraph 22 [sic] of Plaintiff's Complaint.**

23. J.C.D.C. staff and administration knows an inmate on suicide watch is restricted from having any property so their [sic] is no way for an inmate on suicide watch to write a request or grievance.

**<u>ANSWER:</u>** **Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. [sic] The plaintiff has exhausted his administrative remedies with respects to all claims and all defendants[.] See Exhibit B[.]

**ANSWER:** **Defendants admit the allegations contained in paragraph 22 [sic] of the Exhaustion of Administrative Remedies section of Plaintiff's Complaint.**

23. [sic] J.C.D.C. has a seven day policy to answer grievances.

**ANSWER:** **Defendants deny the allegations contained in paragraph 23 [sic] of the Exhaustion of Administrative Remedies section of Plaintiff's Complaint.**

24. [sic] CDC has a 5 day time limit to file a grievance[.] The plaintiff was on suicide watch from 12-28-14 to 1-3-15. See Exhibits D, E, & F[.]

**ANSWER:** **Defendants admit the allegations contained in paragraph 24 [sic] of the Exhaustion of Administrative Remedies section of Plaintiff's Complaint.**

## CLAIMS FOR RELIEF

25. [sic] The actions of defendant's [sic] Most, Meehan, Ahramovich, Roberts and Denault, in using physical force against plaintiff without need or provacation [sic], or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the fourteeth [sic] Amendment of the United States Constitution.

**ANSWER:** **Defendants deny the allegations contained in paragraph 25 [sic] of the Claims For Relief section of Plaintiff's Complaint.**

26. [sic] The failure of all defendants' [sic] to make sure the plaintiff recieved [sic] medical and mental health care after being based and placed on suicide watch, constituted

deliberate indifference to the plaintiff['s] serious medical needs in violation of the fourteeth [sic] Amendment to the United States Constitution.

<u>**ANSWER:**</u> **Defendants deny the allegations contained in paragraph 26 [sic] of the Claims For Relief section of Plaintiff's Complaint.**

27. [sic] The actions of Defendants Timothy Bukowski and Chad Kolitwenzew in implementing a rule or policy that allow correctional officers to use Tasers to give order on non-aggressive or non-violent detainees constituted deliberate indifference to the plaintiff's and other prisoner's safety, and contributed to and proximately caused the above described violation of the fourteeth [sic] Amendment of the United States Constitution.

<u>**ANSWER:**</u> **Defendants make no response to the allegations contained in paragraph 27 [sic] of the Claims For Relief section of Plaintiff's Complaint because Timothy Bukowski and Chad Kolitwenzew have been dismissed as defendants by the Court in its Merit Review Opinion of October 7, 2015.**

28. [sic] Wherefore, plaintiff requests that the court grant[s] the following relief:

1. Award compensatory damages against each defendant for $250,000.00 joint and severally[.]

2. Aware punitive damages against each defendant for $250,000.00 jointly and severally[.]

3. Issue [sic] an injunction ordering defendants Timothy Bukowski and Chad Kolitwenzew to develop a policy that stop[s] the use of the Tasers against non-violent and non-aggressive detainees.

Grant such other relief as it may appear that plaintiff is entitled.

<u>**ANSWER:**</u> **Defendants deny the allegations contained in paragraph 28 [sic] of the Claims For Relief section of Plaintiff's Complaint.**

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

**Defendants demand trial by jury.**

Respectfully submitted,

**s/ Michael W. Condon**
MICHAEL W. CONDON, Atty Bar No. 06192071
YORDANA SAWYER, Atty Bar No. 06290678
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774 F: 630-773-4851
mcondon@hcbattorneys.com
ysawyer@hcbattorneys.com

## FIRST AFFIRMATIVE DEFENSE

NOW COME the Defendants, C/O JEREMY MOST, C/O MATTHEW MEEHAN, C/O ADAM AHRAMOVICH, C/O MATTHEW ROBERTS, and C/O PERRY DENAULT, by and through their attorneys, MICHAEL W. CONDON and YORDANA J. SAWYER of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's Complaint, Defendants state as follows:

The Defendants did not violate any clearly established constitutional right of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/ Michael W. Condon**
MICHAEL W. CONDON, Atty Bar No. 06192071
YORDANA SAWYER, Atty Bar No. 06290678
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774 F: 630-773-4851
mcondon@hcbattorneys.com
ysawyer@hcbattorneys.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| DaJUAN KEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-2151 |
| | ) | |
| v. | ) | Judge Sue E. Myerscough |
| | ) | Magistrate Judge Tom Schanzle-Haskins |
| MOST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2015, I electronically filed the foregoing ***Defendants' Answer & Affirmative Defenses to Plaintiff's Complaint with Jury Demand and Appointment of Counsel*** with the Clerk of the District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system, which will send notification to the CM/ECF participants; and I hereby certify that I have mailed with the United States Postal Service the aforementioned document to the following non-CM/ECF participant by U.S. Certified Mail:

**TO:** Mr. DaJuan Key – 43357-424, Metropolitan Correctional Center, Inmate Legal Mail/Parcels, 71 W. Van Buren Street, Chicago, IL 60605, *Pro Se Plaintiff*.

by depositing a copy of same in the U.S. Mail at 333 Pierce Road, Itasca, Illinois on December 18, 2015, with the proper postage prepaid.


**s/ Michael W. Condon**
MICHAEL W. CONDON, Atty Bar No.06192071
YORDANA SAWYER, Atty Bar No. 06290678
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
Fax: 630-773-4851
mcondon@hcbattorneys.com
ysawyer@hcbattorneys.com